UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

GAS NATURAL APROVISIONAMIENTOS
SDG, S.A.,

            Petitioner,

        -against-

ATLANTIC LNG COMPANY OF TRINIDAD
AND TOBAGO,

            Respondent.
------------------------------------------------------------

Case No.:

**PETITION FOR ORDER RECOGNIZING AND ENFORCING ARBITRATION AWARD AND SUPPORTING MEMORANDUM OF LAW**



JUDGE COTE
08 CV 1109

FEB 04 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Petitioner, Gas Natural Aprovisionamientos SDG, S.A. ("GNA"), hereby petitions this Court to recognize and enforce the binding Final Award unanimously rendered by a duly constituted Arbitral Tribunal on January 17, 2008 in *In the Matter of the UNCITRAL Arbitration between Atlantic LNG Company of Trinidad & Tobago* ("Atlantic") *and Gas Natural Aprovisionamientos SDG, S.A.* ("GNA") pursuant to the UNCITRAL Arbitration Rules (the "Award"). A true and correct of the Award is attached as Exhibit A to the Declaration of George M. von Mehren in Support of GNA's Petition for Order Confirming Arbitration Award ("von Mehren Declaration").

In support of this petition, GNA respectfully avers as follows:

## THE PARTIES

1.     GNA is a company organized and existing under the laws of Spain.

2.     Atlantic is an unlimited liability company organized under the laws of the Republic of Trinidad and Tobago, with its registered office in Port of Spain on the island of Trinidad.

## JURISDICTION AND VENUE

3.      This proceeding arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the New York Convention"). The New York Convention applies to this proceeding because the Award that GNA seeks to have recognized and enforced arises arise out of a legal relationship that is considered as commercial within the meaning of 9 U.S.C. § 202, and is not considered as a domestic award in the United States (*see* New York Convention, Art 1). The Award was rendered for and against foreign corporations in an international arbitration proceeding conducted under the UNCITRAL Arbitration Rules, which arose out of an international commercial agreement that contemplated and resulted in performance outside the United States.

4.      This Court has jurisdiction over the subject matter of this proceeding pursuant to 9 U.S.C. § 203.

5.      Venue is proper in this District pursuant to 9 U.S.C. § 204 because the parties agreed to New York City, New York as the place of arbitration, and the arbitration took place in that location.

## STATEMENT OF FACTS

6.      Atlantic and GNA are parties to an LNG[1] Sales Contract dated July 27, 1995 ("Contract")[2] which, in essence, provides for deliveries of 40% of the LNG produced by the

---

[1]    "LNG" (liquefied natural gas) is natural gas cooled to minus 260 degrees F and thus transformed into a liquid, permitting it to be transported by specially designed LNG tankers.

[2]    Enagas, S.A. was the original purchasing party, but assigned its interest to GNA on January 1, 2001 as part of the reorganization of the Spanish gas industry as part of the Government led liberalization process.

Train 1[3] LNG Facility operated by Atlantic at Point Fortin, Trinidad and Tobago for a term of 20 years from the commencement of deliveries in 1999. von Mehren Dec. ¶3 and Exhibit B. The Contract was negotiated in parallel with a contract between Atlantic and ███████ ███████ for sale ███████ of the balance of the LNG produced from Train 1 (the "███████ Train 1 Contract") for a similar term.

7.     The Contract provides an arithmetic formula by means of which the parties calculate a quarterly adjusted price per MMBtu[5] for LNG sold by Atlantic to GNA under a fixed Contract Price formula provided in Article 8 of the Contract (the "Contract Price"). The Contract Price formula may also be changed from time to time under the limited circumstances set forth in Article 8.5 of the Contract, either by negotiation between the parties or through a "price reopener" arbitration initiated by one of the parties. The Contract imposes certain requirements on the party seeking to initiate a "price reopener" arbitration. That party must show that ███████████████████████████████████████ ███████████████ and that the Contract Price formula no longer reflects "the value of Natural Gas in the Buyer's end user market."

8.     On April 21, 2005, Atlantic sought to initiate a Contract price reopener and delivered a Price Reopener Notice (the "Reopener Notice") to GNA. That Reopener Notice did not specify the quantitative change to the Contract Price sought by Atlantic. After several meetings between the parties, Atlantic delivered its Demand for Arbitration to GNA in a letter

---

[3]    An LNG "train" is a single sequence of machinery utilized to transform natural gas into LNG. Sales of LNG are typically tied to specific "trains" when a producer, such as Atlantic, has multiple production facilities (Train 1, Train2, etc.).

[4]    ███████ has been sold to, and is currently owned ███████

[5]    An MMBtu (One Million British Thermal Units) of LNG is a common unit of measure based on the heating value of the commodity.

3

dated October 21, 2005. The Demand for Arbitration sought an upward revision of the Contract Price.

9. Atlantic then filed its Statement of Claim, and GNA responded by both opposing Atlantic's request for a higher Contract Price and seeking a reduced Contract Price based on decreasing gas prices in the Spanish market. von Mehren Dec. ¶ 6.

10. Article 18 of the Contract provides the following arbitration agreement:

> Any dispute, controversy or claim arising out of or relating to this Contract, or the breach, termination or invalidity thereof (except for those disputes relating to technical matters that are to be submitted to an Expert for resolution in accordance with Article 16), shall be settled by arbitration in accordance with the UNCITRAL Arbitration Rules in effect on the date of this Contract. The appointing authority shall be the American Arbitration Association. Arbitration shall be conducted in the English language and shall be held at New York, New York, United States of America, unless another location is selected by mutual agreement of the parties. The award rendered by the arbitrators shall be final and binding upon the Parties.

11. In accordance with the Contract and the UNCITRAL Arbitration Rules, a highly experienced and distinguished three-member Arbitral Tribunal was selected to preside over and resolve the parties' dispute. Specifically, Atlantic nominated Ben H. Sheppard, Jr., a professor at the University of Houston Law Center, to serve as its party-appointed arbitrator, and GNA nominated Eugene A. Massey, a senior partner at a prominent Washington D.C. law firm, to serve as its party-appointed arbitrator. Gerald Aksen, an internationally renowned arbitrator of commercial disputes, was then appointed to serve as Chairman of the Arbitral Tribunal. Id. ¶ 7. Neither party challenged the appointment of the arbitrators. These three arbitrators participated in the proceedings and unanimously issued the Final Award that GNA now petitions this court to recognize and enforce.

12. After due notice to both parties and pursuant to an agreed schedule governing pre-hearing matters and the hearing, the Arbitral Tribunal conducted Evidentiary Hearings in New York City, New York on April 17, 2007 and continued on April 18-20, 2007, April 24-27, 2007, May 1 and 2, 2007 and on June 7 and 8, 2007. The Arbitral Tribunal further held Closing Arguments on November 14 and 15, 2007. After a full hearing on the merits at which both parties participated and presented evidence in support of their respective claims and defenses, the Arbitral Tribunal rendered its Final Award in writing on January 17, 2008, and caused it to be delivered to both parties in accordance with the UNCITRAL Arbitration Rules. The Final Award made numerous determinations of law and fact; some in favor of GNA and others in favor of Atlantic. The Tribunal expressly determined that, for purposes of assessing costs and fees against either party, both parties had been successful and neither was taxed with costs and fees incurred by the other.

13. The Final Award also required, among other things, that the all Train 1 LNG sales to GNA from April 21, 2005 through the date of the Final Award (the "Reopener Period") were to be repriced by the parties according to the revised Contract Price formula set forth in the Final Award, with the resulting net balancing payment paid as required to bring the parties current for all LNG purchases during the Reopener Period on or before April 16, 2008. The revised Contract Price that the Final Award applied to LNG sales during the Reopener Period was sometimes greater than the previously used Contract Price and sometimes less. GNA therefore calculated the correct revised Contract Price for each cargo purchased during the Reopener Period and then calculated the resulting balancing payment called for in the Final Award. Since GNA was owed a retroactive payment, it invoiced Atlantic for the balancing payment in accordance with the Award and provided supporting calculations by facsimile dated January 21,

2008. von Mehren Dec. ¶ 9 and Exhibit C.



## ARGUMENT

15. The Federal Arbitration Act provides that upon the application of a party to an arbitration award made pursuant to the New York Convention, a district court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *See* 9 U.S.C. § 207 (emphasis added). The sole grounds for refusal or deferral of recognition or enforcement of an award are listed in Article V of the

> (a) The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law . . . ; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings . . . ; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . . ; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . . ; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

None of those grounds is present in this case.

16. The party opposing confirmation bears a heavy burden of establishing that the award should not be confirmed. *See Compagnie Noga D'Importation et D'Exportation, S.A. v. Russian Fed.*, 361 F.3d 676, 683 (2d Cir. 2004). Atlantic cannot meet that burden in this case.

17. Accordingly, pursuant to the mandate of the Federal Arbitration Act, the Court should confirm the Final Award in its entirety. *See* 9 U.S.C. § 207.

## CONCLUSION

18. For all of the foregoing reasons, GNA respectfully moves the Court to:

   a. Enter an Order recognizing and enforcing the Final Award;

   b. Enter judgment in conformity therewith including (i) a money judgment for the balancing payment of ▮▮▮▮▮▮ and for such additional overpayments made by GNA for LNG through the date of judgment and (ii) mandatorily enjoining Atlantic to sell, deliver, ship and invoice Train 1 LNG to GNA during the term of the Contract at Contract Prices which comply with the Award, as recognized and enforced herein;

  c. Award GNA its costs of suit, including reasonable attorneys' fees incurred in bringing this action; and

  d. Award GNA such other and further relief as this Court may deem just and appropriate.

February 4, 2008          SQUIRE, SANDERS & DEMPSEY L.L.P.

                 By: _____
                 Howard J. Nicols (HN 3594)
                 Richard L. Mattiaccio (RM 4764)
                 Steven Skulnik (SS 7821)
                 350 Park Avenue, 15th Floor
                 New York, NY 10022
                 (212) 872-9800

                 George M. von Mehren
                 (*pro hac vice* admission requested)
                 Stephen P. Anway
                 (*pro hac vice* admission requested)
                 SQUIRE, SANDERS & DEMPSEY L.L.P.
                 4900 Key Tower
                 127 Public Square
                 Cleveland, Ohio 44114

                 Steven B. Harris
                 (*pro hac vice* admission requested)
                 SQUIRE, SANDERS & DEMPSEY L.L.P.
                 6250 Chase Tower
                 600 Travis Street
                 Houston, Texas 77002-3000

                 Attorneys for Petitioner
                 GAS NATURAL APROVISIONAMIENTOS
                 SDG, S.A.