UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAS NATURAL APROVISIONAMIENTOS SDG, S.A., <br><br> Petitioner, <br><br> -against- <br><br> ATLANTIC LNG COMPANY OF TRINIDAD AND TOBAGO, <br><br> Respondent. | 08 Cv. 1109 (DC) <br><br> **AMENDED PETITION *NUNC PRO TUNC* FOR ORDER RECOGNIZING AND ENFORCING ARBITRATION AWARD** |

Petitioner, Gas Natural Aprovisionamientos SDG, S.A. ("GNA"), hereby files this amended petition (the "Amended Petition") to recognize and enforce the binding Final Award unanimously rendered by a duly constituted Arbitral Tribunal on January 17, 2008 (the "Final Award"), as clarified and corrected by its Decision on Clarification and Corrections to the Final Award on March 27, 2008 (the "Correction Decision"), in *In the Matter of the UNCITRAL Arbitration between Atlantic LNG Company of Trinidad & Tobago* ("Atlantic") *and Gas Natural Aprovisionamientos SDG, S.A.* pursuant to the UNCITRAL Arbitration Rules. GNA files this Amended Petition to reflect the Correction Decision, which the Tribunal rendered after GNA filed its original Petition to Enforce and Recognize the Final Award.

As authorized by Paragraph 3 of the Stipulation on Briefing Schedule (ECF Doc. 17) (the "Stipulation"), GNA files this Amended Petition *nunc pro tunc*. Accordingly, this Amended Petition has the effect of the earlier date of GNA's original Petition to Enforce and Recognize the Final Award (February 4, 2008) and does not affect the briefing schedule set forth in Paragraph 3 of the Stipulation. A true and correct copy of the Final Award is attached as Exhibit A to the

Declaration of George M. von Mehren in Support of GNA's Petition for Order Confirming Arbitration Award dated February 1, 2000 (the "von Mehren Declaration"). The Correction Decision is attached as Exhibit 22 to the Declaration of James G. Cavoli dated April 16, 2008 (the "Cavoli Declaration").

In support of this Amended Petition, GNA respectfully avers as follows:

## THE PARTIES

1. GNA is a company organized and existing under the laws of Spain.

2. Atlantic is an unlimited liability company organized under the laws of the Republic of Trinidad and Tobago, with its registered office in Port of Spain on the island of Trinidad.

## JURISDICTION AND VENUE

3. This proceeding arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). The New York Convention applies to this proceeding because the Final Award that GNA seeks to have recognized and enforced arises out of a legal relationship that is considered commercial within the meaning of 9 U.S.C. § 202, and is not considered a domestic award in the United States. *See* New York Convention, art. 1. The Final Award was rendered for and against foreign corporations in an international arbitration proceeding conducted under the UNCITRAL Arbitration Rules, which arose out of an international commercial agreement that contemplated and resulted in performance outside the United States.

4. This Court has jurisdiction over the subject matter of this proceeding pursuant to 9 U.S.C. § 203.

2

5.      Venue is proper in this District pursuant to 9 U.S.C. § 204 because the parties agreed to New York, New York as the place of arbitration, and the arbitration took place in that location.

## STATEMENT OF FACTS

6.      Atlantic and GNA are parties to an LNG[1] Sales Contract dated July 27, 1995 ("Contract"),[2] which, in essence, provides for deliveries of 40% of the LNG produced by the Train 1[3] LNG Facility operated by Atlantic at Point Fortin, Trinidad and Tobago for a term of 20 years from the commencement of deliveries in 1999.  (von Mehren Declaration ¶ 3 and Exhibit B thereto).  The Contract was negotiated in parallel with a contract between Atlantic and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮")[4] for sale to ▮▮▮ of the balance of the LNG produced from Train 1 for a similar term.

7.      The Contract provides an arithmetic formula by means of which the parties calculate a quarterly adjusted price per MMBtu[5] for LNG sold by Atlantic to GNA under a fixed Contract Price formula provided in Article 8 of the Contract (the "Contract Price").  The Contract Price formula may also be changed from time to time under the limited circumstances set forth in Article 8.5 of the Contract, either by negotiation between the parties or through a "price reopener" arbitration initiated by one of the parties.  The Contract imposes certain

---

[1] "LNG" (liquefied natural gas) is natural gas cooled to minus 260 degrees F and thus transformed into a liquid, permitting it to be transported by specially designed LNG tankers.

[2] Enagas, S.A. was the original purchasing party, but assigned its interest to GNA on January 1, 2001 as part of the reorganization of the Spanish gas industry as part of the Government-led liberalization process.

[3] An LNG "train" is a single sequence of machinery utilized to transform natural gas into LNG.  Sales of LNG are typically tied to specific "trains" when a producer, such as Atlantic, has multiple production facilities (Train 1, Train 2, etc.).

[4] ▮▮▮ has been sold to, and is currently owned by, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[5] An "MMBtu" (One Million British Thermal Units) of LNG is a common unit of measure based on the heating value of the commodity.

requirements on the party seeking to initiate a "price reopener" arbitration. That party must show that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and that the Contract Price formula no longer reflects "the value of Natural Gas in the Buyer's end user market."

8. On April 21, 2005, Atlantic sought to initiate a Contract price reopener and delivered a Price Reopener Notice (the "Reopener Notice") to GNA. That Reopener Notice did not specify the quantitative change to the Contract Price sought by Atlantic. After several meetings between the parties, Atlantic delivered its Demand for Arbitration to GNA in a letter dated October 21, 2005. The Demand for Arbitration sought an upward revision of the Contract Price.

9. Atlantic then filed its Statement of Claim, and GNA responded by both opposing Atlantic's request for a higher Contract Price and seeking a reduced Contract Price based on decreasing gas prices in the Spanish market. (von Mehren Declaration ¶ 6).

10. Article 18 of the Contract provides the following arbitration agreement:

> Any dispute, controversy or claim arising out of or relating to this Contract, or the breach, termination or invalidity thereof (except for those disputes relating to technical matters that are to be submitted to an Expert for resolution in accordance with Article 16), shall be settled by arbitration in accordance with the UNCITRAL Arbitration Rules in effect on the date of this Contract. The appointing authority shall be the American Arbitration Association. Arbitration shall be conducted in the English language and shall be held at New York, New York, United States of America, unless another location is selected by mutual agreement of the parties. The award rendered by the arbitrators shall be final and binding upon the Parties.

11. In accordance with the Contract and the UNCITRAL Arbitration Rules, a highly experienced and distinguished three-member Arbitral Tribunal was selected to preside over and resolve the parties' dispute. Specifically, Atlantic nominated Ben H. Sheppard, Jr., a professor at

4

the University of Houston Law Center, to serve as its party-appointed arbitrator, and GNA nominated Eugene A. Massey, a senior partner at a prominent Washington D.C. law firm, to serve as its party-appointed arbitrator. Gerald Aksen, an internationally renowned arbitrator of commercial disputes, was then appointed to serve as Chairman of the Arbitral Tribunal. (von Mehren Declaration ¶ 7). Neither party challenged the appointment of the arbitrators. These three arbitrators participated in the proceedings and unanimously issued the Final Award, as clarified and corrected by and through its Correction Decision, that GNA now petitions this Court to recognize and enforce.

12.     After due notice to both parties and pursuant to an agreed schedule governing pre-hearing matters and the hearing, the Arbitral Tribunal conducted Evidentiary Hearings in New York, New York on April 17, 2007 and continued on April 18-20, 2007, April 24-27, 2007, May 1 and 2, 2007, and June 7 and 8, 2007. The Arbitral Tribunal further held Closing Arguments on November 14 and 15, 2007. After a full hearing on the merits at which both parties participated and presented evidence in support of their respective claims and defenses, the Arbitral Tribunal rendered its Final Award in writing on January 17, 2008, and caused it to be delivered to both parties in accordance with the UNCITRAL Arbitration Rules. The Final Award made numerous determinations of law and fact; some in favor of GNA and others in favor of Atlantic. The Tribunal expressly determined that, for purposes of assessing costs and fees against either party, both parties had been successful and neither was taxed with costs and fees incurred by the other.

13.     The Final Award also required, among other things, that all Train 1 LNG sales to GNA from April 21, 2005 through the date of the Final Award (the "Reopener Period") were to be repriced by the parties according to the revised Contract Price formula set forth in the Final Award, with the resulting net balancing payment paid as required to bring the parties current for

all LNG purchases during the Reopener Period on or before April 16, 2008. The revised Contract Price that the Final Award applied to LNG sales during the Reopener Period was sometimes greater than the previously used Contract Price and sometimes less. GNA therefore calculated the correct revised Contract Price for each cargo purchased during the Reopener Period and then calculated the resulting balancing payment called for in the Final Award. Since GNA was owed a retroactive payment, it invoiced Atlantic for the balancing payment in accordance with the Final Award and provided supporting calculations by facsimile dated January 21, 2008. (von Mehren Declaration ¶ 9 and Exhibit C thereto).

15. On February 15, 2008, Atlantic filed a Request for Clarification and/or Correction of the Final Award pursuant to Articles 35 and 36 of the UNCITRAL Rules.[6] On March 27, 2008, the Tribunal issued its Correction Decision.[7] Most significantly, the Correction Decision ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ component of the revised Contract Price for the retroactive period of the Final Award from April 21, 2005 through December 31, 2007. (*See* Correction Decision ¶¶ 23-30). Pursuant to this revised formula, the new amount of the balancing payment owed to GNA under the Final Award was approximately ▓▓▓▓▓▓—a reduction of approximately ▓▓▓▓▓▓ in the amount of the balancing payment originally owed to GNA from Atlantic.[8]

16. Although it initially refused to abide by the Final Award, on April 16, 2007, Atlantic rendered payment, subject to a reservation of its rights, to GNA in the amount of approximately ▓▓▓▓▓▓ due under the Final Award, as clarified and corrected by the Correction Decision. GNA now files this Amended Petition seeking an order confirming and enforcing the Final Award, as clarified and corrected by the Correction Decision.

## **CONCLUSION**

17. For all of the foregoing reasons, GNA respectfully moves the Court to:

   a. Enter an order recognizing and enforcing the Final Award, as clarified and corrected by the Tribunal's Correction Decision;

   b. Award GNA its costs of suit, including reasonable attorneys' fees incurred in bringing this action; and

---

[6] *See* Atlantic's Request for Clarification and/or Correction with Respect to Certain Aspects of the Final Award, dated February 15, 2008, attached as Exhibit 19 to the Cavoli Declaration.

[7] The Correction Decision is attached as Exhibit 22 to the Cavoli Declaration.

[8] *See* Letter from Atlantic to GNA dated April 7, 2008, attached as Exhibit 24 to the Cavoli Declaration.

   c. Award GNA such other and further relief as this Court may deem just and appropriate.

| | |
|---|---|
| New York, New York<br>June 16, 2008 | SQUIRE, SANDERS AND DEMPSEY L.L.P.<br><br>By: _____<br>Howard J. Nicols (HN 3594)<br>Richard L. Mattiaccio (RM 4764)<br>Steven Skulnik (SS 7821)<br>SQUIRE, SANDERS AND DEMPSEY L.L.P.<br>350 Park Avenue, 15th Floor<br>New York, NY 10022<br>(212) 872-9800<br><br>George M. von Mehren (*pro hac vice*)<br>Stephen P. Anway (*pro hac vice*)<br>SQUIRE, SANDERS AND DEMPSEY L.L.P.<br>4900 Key Tower, 127 Public Square<br>Cleveland, Ohio 44114<br>(216) 479-8500<br><br>Steven B. Harris (*pro hac vice*)<br>SQUIRE, SANDERS AND DEMPSEY L.L.P.<br>6200 Chase Tower, 600 Travis Street<br>Houston, Texas 77002<br>(713) 546.5850<br><br>Attorneys for Petitioner<br>GAS NATURAL APROVISIONAMIENTOS SDG, S.A. |